IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAURA SEIDL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 10-4152-CV-W-SOW |
| ) | |
| AMERICAN CENTURY COMPANIES, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is a Joint Stipulation and Motion of the Parties and the Special Litigation Committee For an Order Regarding Non-Waiver of Privilege (Doc. #70). The parties to this matter and the Special Litigation Committee of the Board of Directors of American Century Mutual Funds, Inc. ("SLC"), have submitted a stipulation to this Court concerning the effect of the parties' voluntary production of privileged material on other privileged materials in this case. Having heard the parties and for good cause shown, it is hereby ordered:

The SLC has in its possession certain documents they believe to be protected by the attorney-client privilege, or work product protection ("privileged documents"), but also relevant to the issues addressed in the Court's Order of October 31, 2012 (Doc. #59). The SLC has agreed or may agree to produce some privileged documents for the limited purpose of allowing the Court to determine the independence of the SLC, whether it acted in good faith and the reasonableness of the SLC's procedures. The SLC will undertake this production subject to this Court's order that such production does not constitute a waiver of attorney-client privilege or work product protection as to any non-parties to this case. The Court also accepts the parties' agreement that Plaintiff will not argue that production of certain privileged documents serves as

the basis for a claim by counsel that the SLC has committed a waiver of the attorney-client privilege or work product protection as to other privileged documents covering the same subject matter. All documents produced by the SLC that are so designated shall continue to be covered by the Protective Order entered by this Court. To the extent Defendants produce privileged documents for the same limited purposes described above, any such production will also be subject to the terms of this Court's order.

By agreeing to the entry of this order, Plaintiff does not waive any arguments that some or all of the documents designated as privileged by the parties and the SLC are not properly subject to attorney-client privilege or work product protection.

   /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: April 18, 2013